**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSEPH DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12 -cv-01068-MJR** |
| | ) | |
| **DR. SHAH,** | ) | |
| **DR. LARSON,** | ) | |
| **DR. SCHMIDT,** | ) | |
| **DR. GARCK[1],** | ) | |
| **DR. BALER[2],** | ) | |
| **BENTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Joseph Davis is before the Court seeking reconsideration of the Court's Order dated January 9, 2013, and the corresponding judgment, dismissing his civil rights complaint with prejudice and without leave to amend (Doc. 11).

**1.   Procedural History**

Plaintiff Davis, an inmate in Pinckneyville Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1).  Davis alleged that health care providers at Pinckneyville were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to carry out medical orders, falsified medical records and did not timely or properly diagnose what turned out to be a rectal prolapse.   Plaintiff further claimed that his grievance s regarding his medical treatment

---

[1] A review of the complaint and the medical records submitted by Plaintiff indicates that "Dr. Gark" is actually Dr. Garcia.

[2] A review of the complaint and the medical records submitted by Plaintiff indicates that "Dr. Baler" is actually Dr. Baker.

were not fully address, thereby denying him due process and equal protection in violation of the Fourteenth Amendment.

Upon preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, all claims against all defendants were dismissed with prejudice, and leave to amend was denied (Doc. 9).  Final Judgment was entered January 9, 2013 (Doc. 10).

Plaintiff Davis now argues that there were "errors upon the record," and that he will have no adequate remedy if his complaint is dismissed (Doc. 11).  Plaintiff resubmits several of the documents that were appended to the complaint, and he reargues the merits of his deliberate indifference claims.

## 2.   Applicable Standard of Review

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure.  But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b).  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. So, for instance, Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available.  *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).  By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, *inter alia*:  mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion.

In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze post-judgment motions based on their *substance* as opposed to the date on which the motion was filed.  The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008):  "whether a motion ... should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it."  Therefore, this Court assesses motions to reconsider (especially those drafted by *pro se* litigants) based on their substance – i.e., the reasons for relief articulated by the movant—as opposed to the title the movant chose for the motion or merely the date on which he filed the motion.[3]

Although *Borrero* and *Obriecht* direct the Court to focus on the substance of the motion, the timing of the motion is still relevant.  Rule 59(e) is only applicable to motions filed no later than 28 days after the entry of judgment.  By contrast, a motion under Rule 60(b)(1) alleging mistake, inadvertence, surprise or excusable neglect, may be filed within one year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).  Because Plaintiff filed his motion eight days after judgment was entered, neither avenue of relief is immediately precluded.

Based on both the timing and the substance of Plaintiff's motion, Rule 59(e) is applicable.  "Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.  This rule enables the [district] court to correct its own errors and thus avoid unnecessary appellate

---

[3] Only motions filed within the 28-day deadline set forth in Rule 59(e) toll the time for filing an appeal.  Motions filed after the 28-day period do not suspend the finality of any judgment.  *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011).

procedures.  But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.,* 683 F.3d 805, 813 (7th Cir. 2012) (citations and internal quotation marks omitted).

### 3.  Analysis

Plaintiff Davis does not present newly discovered; rather, he points to evidence in the record that he asserts clearly establishes a manifest error of law and fact.  However, Plaintiff is actually only reasserting the same arguments made in his complaint, based on the same evidence.  Plaintiff presents nothing more than a difference in perspective, with no actual analysis or citation to error in the Court's Order.

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A was correct.

### 4.  Conclusion

Therefore, for the reasons stated, the Motion for Reconsideration (Doc. 11) is **DENIED**; the Court's Order of dismissal (Doc. 9) and Judgment (Doc. 10) shall stand.

**IT IS SO ORDERED.**

**DATED:  April 30, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**